UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT GERRALD CHURCHMAN        CIVIL ACTION

VERSUS        NO. 19-9567

BP EXPLORATION        SECTION "J" (2)
& PRODUCTION, INC. ET AL.

Related to:    12-968 BELO
               in MDL 10-2179

## REPORT AND RECOMMENDATION

On April 21, 2019, Robert Gerrald Churchman ("Decedent"), through counsel, filed a complaint in his own name pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("the Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179. Record Doc. No. 1. As later pleadings established, however, he had died more than three years earlier and obviously was incapable of pursuing the claim.

One month later, on May 21, 2019, Defendants BP Exploration & Production Inc. and BP America Production Company (collectively "BP") filed both an answer, Record Doc. No. 4, and a motion to dismiss plaintiff's complaint. Record Doc. No. 5. In the motion, BP argues that plaintiff failed to comply with the mandatory prerequisites of the Medical Settlement Agreement by not providing documentation in the Notice of Intent to Sue that verifies legal authority of plaintiff's widow, who had signed the required pre-

lawsuit Notice of Intent to Sue, Record Doc. No. 5-2 at p.6, to file a lawsuit on Decedent's behalf. Record Doc. No. 5-1 at pp. 1, 4–5.

One week later, on May 28, 2019, an amended BELO complaint was filed on Decedent's behalf without leave of court, as permitted by Fed. R. Civ. P. 15(a)(1)(B), by Decedent's widow, Betty A. Churchman ("plaintiff") purporting to act "as Personal Representative of the Estate of Robert G. Churchman." Record Doc. No. 6 at p. 1. The amended complaint alleged that Decedent had been a resident of Alabama employed as a clean-up worker along the Alabama Gulf Coast after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Record Doc. No. 6 at ¶¶ 4, 10. As noted above, exhibits to BP's then-pending motion to dismiss establish that Plaintiff's Notice of Intent to Sue and an attached death certificate indicate that Decedent had died almost three years earlier on June 18, 2016. Record Doc. No. 5-2 at pp. 7, 15. The amended complaint attached no documents establishing plaintiff's legal authority to act for Decedent. Like all BELO lawsuits, it seeks compensatory damages and related costs for later-manifested physical conditions that Decedent allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 6 at ¶¶ 10–17.

Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight (8) days before the noticed submission date. Plaintiff did not file an opposition to this motion. The motion is therefore deemed to be unopposed. Although it alleges Plaintiff's authority to act for Decedent, the amended complaint did not address the

lack of legal authority **documentation** argument asserted in BP's motion to dismiss. Accordingly, unlike certain other pleading matters that I have addressed in the various BELO cases, Plaintiff's filing of the amended complaint, apparently in response to the filing of the motion to dismiss, did not render the motion moot.

Having considered the motion, the complaint, the record and the applicable law, I recommend that BP's motion to dismiss be GRANTED and that plaintiff's complaint be DISMISSED **WITHOUT** PREJUDICE for the following reasons.

## ANALYSIS

The court-approved Medical Settlement Agreement is <u>not</u> a case management order. Instead, it is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) in 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the agreement. <u>Id.</u> at § II(VV). The Medical Settlement Agreement establishes detailed conditions precedent that must be accomplished before filing a BELO lawsuit.

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases. The CMO permits the parties to move to dismiss an individual BELO complaint without prejudice for failure to satisfy the conditions precedent to filing

a lawsuit as required in the Medical Settlement Agreement. Record Doc. No. 3, CMO at

¶ IV(1)(A).

When a Medical Benefits Settlement Class Member is deceased, his or her

Authorized Representative "may act on his or her behalf" and "shall be bound by the same

terms and conditions" of the Medical Settlement Agreement as the decedent would have

been "if he or she were acting on his or her own behalf." Record Doc. No. 6427-1 at §

III(A) in 10-md-2179. Under the Medical Settlement Agreement,

> AUTHORIZED REPRESENTATIVE shall mean, as to a NATURAL
> PERSON who is (1) a minor, (2) lacking capacity or incompetent, or (3) an
> estate of a deceased human being, that NATURAL PERSON'S guardian,
> conservator, tutor, executor, personal representative, administrator, or other
> representative authorized under or by operation of applicable law to protect
> the rights and interests of that NATURAL PERSON.

Id. at § II(G).

The Medical Settlement Agreement enumerates the steps that an Authorized

Representative must satisfy as conditions precedent to filing a BELO lawsuit on behalf of

a deceased Medical Benefits Settlement Class Member. An Authorized Representative

must submit a Notice of Intent to Sue with "documentation confirming that such

AUTHORIZED REPRESENTATIVE is legally authorized to file a lawsuit on behalf of

such MEDICAL BENEFITS SETTLEMENT CLASS MEMBER." Id. at § XXI(I)(10)

(emphasis added). The Authorized Representative is required to identify the authority

giving him or her the right to act on behalf of the decedent and "provide copies of

documentation verifying [his or her] authority to act, such as a power of attorney or a court

4

order stating his or her authority to act" or, if such documents are not available, "documents establishing [his or her] legal relationship" to the decedent. Record Doc. No. 6427-6 at p. 11 in 10-md-2179. The Authorized Representative of a decedent must also provide a copy of the decedent's death certificate. Id.

Plaintiff and purported Authorized Representative Betty Churchman did not comply with the Medical Settlement Agreement's clearly defined prerequisites for filing a BELO lawsuit on behalf of a deceased Medical Benefits Settlement Class Member. In her Notice of Intent to Sue, plaintiff signed the notice as the "Authorized Representative" of Decedent and identifies herself as Decedent's spouse. Record Doc. No. 5-2 at pp. 6–7. The death certificate attached to plaintiff's Notice of Intent to Sue indicates that Decedent was married to his surviving spouse, whose name on the slightly illegible death certificate reads either "Betty Dortell" or "Betty Dortch," on the date of his death. Id. at p. 15. However, plaintiff did not comply with the Medical Settlement Agreement's clear mandate that the Authorized Representative provide copies of documentation confirming her legal authority to file a lawsuit on behalf of Decedent. The only documentation provided by plaintiff is the death certificate, which merely identifies the marital relationship between plaintiff and Decedent at the time of his death. Plaintiff's signature as "Authorized Representative," identification of herself as Decedent's spouse and the death certificate assure neither BP nor this court that plaintiff has the legal authority to file this BELO lawsuit on behalf of Decedent.

The requirement to satisfy this condition precedent is not a mere case management tool, but is required by the court-approved Medical Settlement Agreement and is not subject to alteration. By neglecting to submit documentation of her legal authority to act on Decedent's behalf, plaintiff failed to satisfy the conditions precedent to filing a BELO complaint as required in the Medical Settlement Agreement.

## RECOMMENDATION

For all the forgoing reasons, it is **RECOMMENDED** that defendants' motion be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to satisfy the conditions precedent to filing a BELO lawsuit on behalf of a deceased Medical Benefits Settlement Class Member as required in the Medical Settlement Agreement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1] It is

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.

suggested, in these circumstances, that any objection to this report and recommendation filed by plaintiff should attach the required documentation establishing that plaintiff is in fact Decedent's legally authorized representative to pursue this claim.

New Orleans, Louisiana, this _____11th_____ day of June, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

7